Now going to call the matter of Smith v. Nevada DMV, case number 24-5060. Each side will have 10 minutes, and if you would like to reserve, if appellants would like to reserve time for rebuttal, please be aware you're responsible for keeping track of your own time. And you are Mr. Balaban? Balaban. Balaban. Thank you. And, Your Honor, I would like to reserve two minutes. May it please the Court. My name is Michael Balaban. I represent the plaintiff in this case, Christopher Smith. And the main issue, you know, we're talking about a motion to dismiss here. And on a motion to dismiss, the Court is supposed to look at everything in the non-moving party's favor, make all inferences for the non-moving party, and then decide whether the complaint was pled plausibly, which we feel it was here. Mr. Balaban, that's as to facts, not as to conclusions or assertions. What? That is as to facts. Yeah. Now, would you point to the facts, not the assertions or the allegations, the facts that are sufficient for your case? Yeah, well, we've alleged that Mr. Smith worked for the DMV for a long period of time. Ten months prior to him trying to get this supervisor position, he was actually over the same guy, Mr. Ferriola. He was chosen for that other position. He had more experience at the DMV, the CD. He was a decorated law enforcement officer. And with respect to his work, we feel, and it was pled, that he did better work, closed all of his cases than Mr. Ferriola. But the main thing here is the court seemed to be hooked on this thing that Mr. Smith didn't have supervisory experience. But again, if he didn't have supervisory experience, why was he considered in the first place? Why was he even interviewed if he — if supervisory experience was needed? I mean, the court, on the last page of its order, says Smith admits in his complaint that he lacked the supervisory experience that Ferriola had, which that really is an — Isn't that an allegation that — a fact that can be interpreted to mean that he didn't have the same relative supervisory experience that Ferriola had, not that he had no supervisory experience? Well, I mean, first of all, again, you're supposed to be — or the court is supposed to be inferring for Mr. Smith, not against. But the court finishes and says, and at the position — he said lacked supervisory experience, that the position no doubt required — I mean, he is making inferences. How does he know the supervisory experience was needed? I mean, that's what discovery is for, and I intended to take the deposition of all these people that did the interviews but didn't get a chance because the motion to dismiss was granted. But I think it's — I apologize for interrupting, but didn't that information come to light for the district court because of the complaint? I mean, doesn't the complaint say, and I quote, any supervisory experience that Smith lacked over Ferriola was far outweighed by Smith's other qualifications and experiences? That is a sentence, I believe, that the district court found was a concession. Am I understanding that correctly? Well, I mean, I think you are, but again, the judge is then weighing the evidence. I mean, just because Mr. Ferriola had supervisory experience doesn't mean he was the better qualified for that position. I mean, there's a number of attributes you've got to look at. So, again, I mean, I get back to, well, if supervisory experience was absolutely needed, why was he even interviewed in the first place? I mean, why was Mr. Smith interviewed? And you know, you get — and this is — I mean, African Americans throughout the years have said — I mean, they get a position sometimes, but they don't get promoted to supervisory positions because there's a — at least the argument is that they're not fit to do supervisory jobs and stuff. And I think that could play into the analysis here that Mr. Smith, I mean, he's now 61. If he — he's never going to get promoted to supervisor at this point. And you know, overall, I mean, the current administration said now we're supposed to look at competence and whatnot for jobs. And we feel that Mr. Smith, on the facts presented in the complaint, was more competent than Mr. Ferriola, not less competent. Is there anything in the record to show that it was important — that the supervisory experience was important to the defendant in making the determination as to who gets this position? No. I mean, that's another thing that's just being assumed, because there's no indication, there was no discovery done, no depositions taken. That's just an assumption that the judge made and that the DMV is arguing that somehow supervisory experience was needed. And again, there's nothing in the record that supports that, and that was just an inference that — What was the title of the position he was applying to? The what? The title. What was the title of the position he was applying to? It was a supervisory position, but that doesn't necessarily mean that prior supervisory experience was needed. I mean, again, that's an inference made against Mr. Smith. If supervisory experience was needed for every supervisory position, then somebody would never be able to become a supervisor because they needed supervisory experience. It sounds like, from the way that the complaint was drafted, that there was a concession that supervisory experience was needed because it says, any supervisory experience that Smith lacked over Ferraiolo was far outweighed by Smith's other qualifications and experience. So that leads me as a reader to believe, you believed, or your client believed, that there was some sort of supervisory experience necessary, but he may not have the same supervisory experience, but he has other experiences. Well, yeah, I mean, that could be interpreted that way, but again, and the complaint brings this out, when Mr. Smith specifically asked why he wasn't chosen, they could have very well said, hey, you didn't have the supervisory experience that Mr. Ferraiolo had. They didn't say that. They said, we're going in a different direction. So if that was the case, then why didn't they say that? Before your time is up, I do want to ask you about the argument that you've made about notice. What's your basis for your actual notice requirement? Because it's my understanding that, and the name just escaped me, but that they weren't properly served. Yeah, I mean, I looked at the statute too, and technically, probably, because my understanding is Ms. Butler had to be served both at the Attorney General in Carson City, and that's the main Attorney General, and then the DMV in Las Vegas office, but that wasn't done. But again, she did have actual notice, and again, the proper thing to do would be, I if that's, you know, if she wasn't reserved, because again, she can't be served now if she's dismissed because it's past the statute, so. And so what supports your authority that actual notice removes the need for service? That what? That it takes away the need for service. Well, I mean, I did cite some case law that said that, not necessarily that actual notice is not needed, but that under the circumstances that it, because she'd be dismissed from the statute and couldn't be reserved, that the better course of action would be to quash service and allow service to be redone. Your argument is that a person who is badly served has an affirmative duty to make a motion for it to quash? Well, no, well, yeah, the motion to quash. If it's a defective service, why can't you just ignore it? Well, yeah, I mean, again, I understand the argument that, but yeah. Okay. Thank you. All right. Thank you. Thank you, counsel. I'll allow you your two minutes on rebuttal. Okay. Thank you. Thank you. Mr. Estrada? Yes, ma'am. All right. Thank you. Go ahead, sir. Good morning. May it please the court. My name is Matthew Estrada, Deputy Attorney General representing the respondents in this case. That is the State of Nevada Department of Motor Vehicles and Julie Butler, the Director of the Nevada DMV. Now, what informs the merits of this case is ultimately going to be the issue of futility. When reviewing a district court decision to grant a motion to dismiss, the standard review is de novo. This court held that a district court does not abuse its discretion to deny, leave to amend, when amendment would be futile. This is out of Gabrielson v. Montgomery Ward and Company. Now, granting leave to amend would ultimately be futile, even if Director Butler were to be allowed to be reserved. Mr. Estrada, can I interrupt you for just a second? Let's forget about amendment for just a second. Aren't the allegations of the complaint that notwithstanding the relative lack of supervisory experience of Smith v. Ferrielda, the other merits of Smith's record, the awards he's got, the way he closes his cases, could overcome the lack of relative experience? Aren't those facts plausible enough to establish a cause of action? So, Your Honor, it's not our position that those qualities are irrelevant. And, yes, it could be plausible that those qualities. Now, ultimately, the reason that we are requesting that this case not be remanded is because ultimately it would prove futile. Again, even if we were to allow reservice, even if we were to allow additional facts to be pled into the complaint, ultimately, per the framework established in McDonnell Douglas v. Green, it is the burden of the plaintiff to establish a prima facie case of discrimination. If he, in fact, establishes that prima facie case, the burden then shifts to the defendant to establish the non-discriminatory reason as to why the decision was made. Counsel, are you saying that in this situation, Mr. Smith needed to make a prima facie case to survive a 12b6 motion? Not necessarily the 12b6 motion, Your Honor, however, to ultimately continue his case. And, again, the ultimate point is that allowing this case to move further would simply be futile. And moving forward, again, the non-discriminatory reason that we have is a reason that Mr. Smith has already acknowledged. The position that he ultimately applied for was the supervisory compliance and enforcement investigator position. And his acknowledgment that he lacked supervisory experience serves as our non-discriminatory reason. Did the DMV not have knowledge that he lacked supervisory experience before they interviewed him? They did. We would have had access to his resume, things of that nature, again, his time with the DMV. And again, it is not our position that those factors are completely irrelevant or even that he completely lacked supervisory experience. However, it is because of the qualities that he established that allowed him to be interviewed, that allowed him to get as far as he did. However, ultimately, at the end of the day, the supervisory compliance and enforcement investigator position, they decided to go, as was previously argued, in a different direction. What in the record shows that supervisory experience was a requirement for the position? Of what's currently pled, really nothing, Your Honor. However, it is in the title. Again, supervisory compliance and enforcement investigator. Now, although it was previously argued that, yes, perhaps if nobody had supervisory experience nobody would be able to achieve it. However, in this case, again, it is not our stance that Mr. Smith completely lacked experience, but just lacked experience in favor of a different candidate. The trial court also said that because the plaintiff did not plead the comparator's specific age that his pleadings were insufficient. Is pleading that the comparator was substantially younger than the plaintiff not enough, and why not? So, it is our argument that, yes, that is, in fact, insufficient. Again, substantially younger could mean a variety of different things. And although the facts are meant to be looked at most favorable to the plaintiff, again, this just leaves too much room to the mind, to the imagination. Isn't it possible that the only way for the plaintiff to discover the comparator's age is to make it to discovery? And if you get dismissed on a 12B6, you're not ever going to make it to discovery? Well, that would be correct, Your Honor. However, given the context of this particular case, again, the issue would ultimately prove futile. At the end of the day, even if he's to establish his prima facie case, we get to that burden shifting. And again, Mr. Smith has already acknowledged that he lacked that supervisory experience. And according to the burden shifting, all that is required is a non-discriminatory reason. And that would serve as the non-discriminatory reason. Now, again, it is our position that it isn't looking at each issue individually. Yes, would allowing re-service allow Ms. Butler to continue being a party? Absolutely. Would allowing him, granting leave to amend, allow him to maybe fill out some of the blanks that are left in the complaint as is currently pleaded? Yes. However, those factors would ultimately be fruitless because, again, our non-discriminatory reason is something that Mr. Smith has already acknowledged. There is no amount of facts that can be added that is going to address his lack of supervisory experience. And even, in fact, looking at the second element for a discrimination claim, and this is going to be mirrored for both the race and age discrimination claim, is that Mr. Smith must establish that he was, in fact, qualified for the position that he sought. Not that he was more or less qualified in relation to other candidates, but in the fact that he was qualified for the position sought. And by his own acknowledgment, lacking that supervisory experience, in fact, goes to prove that he is giving us a point in that perhaps he was not. But, Mr. Estrada, taking the allegation as favorably as we can to the plaintiff on the 12B6 motion, can't Smith's complaint be interpreted to allege that he had some supervisory experience, in fact, he had his REA experience, but it wasn't as much as Ferraiolo's, and that the other attributes that he had, longer experience, awards, closing his cases, right, would overcome the relative lack of experience. Isn't that sufficient to make out a claim of pretext? Respectfully, Your Honor, we would argue that it's not. Again, this is, Mr. Smith needs to establish that he was, in fact, qualified for the position. And by acknowledging that he lacked that experience, gives a point to show that he was not.  So the title of the position is Supervisory Compliance slash Enforcement Investigator. So let's take out the supervisory. Did Mr. Smith have more compliance slash enforcement investigation experience? Yes, so I believe it actually is included in the complaint that he has spent some time with the DMV. I believe it was argued even here previously that he had received a promotion while at the DMV. But again, those qualities only go to serve that he was qualified for the position that he currently held. And although, again, those qualities are certainly worth consideration for the supervisory position that we're discussing. I guess what I'm asking, counsel, is why is it that the supervisory portion of that position, why are you giving that more weight then? So for example, let's say Mr. Ferraiolo didn't have any compliance or enforcement investigation experience at all. But he had supervisory experience in something that had nothing to do with compliance or enforcement. Are you telling me that he is still the better candidate? So given that nature of that hypothetical, again, there would probably need to be additional factors included. But if all he had was supervisory experience and no, absolutely nothing for the compliance and enforcement investigator part of the role, again, that would probably be something that DMV would need to consider. And it's quite possible that they would ultimately decide to go with somebody with maybe a little bit more split, a little bit more experience in both categories as opposed to favoring one so heavily over the other. Okay. Any other questions from my colleagues? Nope. Thank you. Thank you. Okay. We've put two minutes back. Okay. Yes, Your Honor. Just briefly. I mean, the counsel for the DMV, he admitted that as far as plausibility that other experience could outweigh supervisory experience. And also, he admitted that nothing in the complaint is pled that supervisory experience is needed or there's no evidence of that. So he made a big deal of they had a nondiscriminatory reason. But in all discrimination cases, the employer is going to have a nondiscriminatory reason. That doesn't necessarily mean that there wasn't discrimination. That's kind of weighing the evidence, which definitely at this point is not supposed to be done, not even done at summary judgment level. So again, and Your Honor, Justice Brown mentioned, I didn't touch on it, this with respect to age. And the district court didn't cite anything for his assertion, which also the DMV is making, that age can't be pled that somebody's substantially younger on information and belief. And I think Justice Brown pointed out that how are we supposed to know the person's age? That's a private subject. And obviously, taking Mr. Ferriola's depositions, that is something I'd definitely ask him. So we would submit on that. And again, I think it was plausibly pled. And for that reason, I think the order of the district court should be overturned. Okay. Thank you, counsel. And thank you to both of you. This matter is now submitted.
judges: BEA, ALBA, Brown